UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDER J. M., )<br>)<br>           **Plaintiff** )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>**Commissioner of Social Security,** )<br>)<br>           **Defendant** ) | No. 2:20-cv-00142-LEW |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, after rejecting all expert opinion evidence of record, the ALJ construed raw medical evidence to assess his residual functional capacity (RFC), neither making a common-sense determination nor simply giving him the benefit of the doubt. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 1, 4-12. I conclude that the ALJ did give the plaintiff the benefit of the doubt, assessing a physical and mental RFC more favorable than the record evidence would otherwise support. Accordingly, I recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had the severe impairments of degenerative disc disease, anxiety, depression, and post-traumatic stress disorder (PTSD), Finding 2, Record at 21; that he had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that he could only occasionally perform postural maneuvers, never climb ladders, occasionally push and pull with both lower extremities, should avoid concentrated exposure to hazards, and was restricted to only occasional interaction with the public, co-workers, and supervisors and the performance of simple, routine, and repetitive instructions with only occasional decision-making and occasional changes in the workplace, Finding 4, *id*. at 24-25; that, considering his age (25 years old, defined as a younger individual, as of January 12, 2018, the date his SSI application was filed), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id*. at 30; and that he, therefore, had not been disabled from January 12, 2018, the date his SSI application was filed, through the date of the decision, June 26, 2019, Finding 10, *id*. at 31. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The ALJ found that the plaintiff had one severe physical impairment, degenerative disc disease, and three severe mental impairments, anxiety, depression, and PTSD, imposing both physical and mental limitations. *See* Findings 2, 4, Record at 21, 24-25. Those limitations are unsupported by any expert opinion of record: the ALJ rejected the opinions of four agency nonexamining consultants that the plaintiff had no limitations and the opinion of a treating nurse practitioner, Jennifer Daigle, APRN-CNP, that he had marked to extreme mental limitations. *See id.* at 29-30, 67-69, 72-75, 811-13.[2]

---

[2] The ALJ rejected the Daigle opinion on the bases that (i) APRN Daigle had seen the plaintiff for only three visits and had not been his primary provider for his mental impairments, (ii) her opinion was "wholly inconsistent with the overall weight of the evidence, including . . . consistently benign mental status examinations, improvement with medication, and the [plaintiff]'s routine treatment history[,]" and (iii) her opinion was "largely conclusory[,]" providing "little explanation for her selected choices within the questionnaire." Record at 29-30. The plaintiff argues that, in so finding, the ALJ ignored Global Assessment of Functioning (GAF) scores that undermined his characterization of the Daigle opinion as "'wholly inconsistent'" with the evidence of record. Statement of Errors at 7-9 (quoting Record at 29). Any such error is harmless. Even if the ALJ erred in failing to discuss the GAF scores, he supportably rejected the Daigle opinion on the otherwise unchallenged bases noted above. The ALJ also discounted the "vague comments" of a treating physician, Rebecca Hunt, M.D., that the plaintiff had "symptoms resulting in difficulty dealing with day-to-day life[,]" to the extent that those comments could "be viewed as indicative of greater limitations" than he had assessed. *Id.* at 29. As the plaintiff acknowledges, *see at* Statement of Errors at 9, Dr. Hunt did not assess any function-by-function limitations, *see* Record at 687. Thus, her statement did not address the plaintiff's RFC.

3

In rejecting the agency nonexamining consultants' assessments, the ALJ explained, "In viewing the evidence in the light most favorable to the [plaintiff], and in giving some credit to the [plaintiff]'s testimony, the undersigned has determined that [his] back impairment, depression, anxiety and PTSD have sufficient evidence to meet the de minimis standard and be considered 'severe' under Social Security rules and regulations." *Id*. at 29.

The plaintiff argues that, in so doing, the ALJ exceeded the bounds of his competence as a layperson, impermissibly construing raw medical evidence rather than making a common-sense determination, and that he did not merely give the plaintiff the benefit of the doubt. *See* Statement of Errors at 9-12. He cites *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *5 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017), for the proposition that, because the agency nonexamining consultants assessed no RFC, their opinions cannot stand as substantial evidence in support of the ALJ's RFC determination, *see id*. at 6-7, *Caudle v. Colvin*, No. 1:15-cv-201-JHR, 2016 WL 1734074, at *5 (D. Me. Apr. 29, 2016), for the proposition that the ALJ did not make a common-sense determination, *see id*. at 10, and *Laura S. v. Soc. Sec. Admin. Comm'r*, 2:18-cv-00375-JDL, 2019 WL 4046541, at *5 (D. Me. Aug. 27, 2019), for the proposition that the ALJ cannot fairly be said to have given him the benefit of the doubt by partially crediting his statements when he never explained which statements were credited or how they translated into the limitations assessed, *see id*. at 11-12. At oral argument, his counsel also generally cited *Caudle* for the proposition that remand is warranted on these facts.

As the commissioner argues, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 11-13, *Lisa Staples*, *Laura S.*, and *Caudle* are all materially distinguishable. In *Lisa Staples*, the ALJ expressly stated that she gave little weight to the opinions of agency nonexamining consultants that the claimant had no severe impairment because evidence

4

received at the hearing level, unseen by those consultants, demonstrated that the claimant's mental impairments were severe and resulted in moderate difficulties in maintaining social functioning and concentration, persistence, or pace. *Lisa Staples*, 2017 WL 1011426, at *5. The court explained that, in those circumstances, "instead of assessing a mental RFC that gave the plaintiff 'the benefit of the doubt' or otherwise was more favorable than the remaining evidence would support, the [ALJ] . . . assessed an RFC unsupported by substantial evidence." *Id*. (citation omitted).

Similarly, in *Laura S*., the ALJ assessed greater limitations than found by an agency nonexamining consultant on the basis that the consultant had not had the benefit of review of later-submitted evidence, undercutting the commissioner's argument that the ALJ had simply given the claimant the benefit of the doubt. *See Laura S*., 2019 WL 4046541, at *4-5. Against that backdrop, the court rejected the commissioner's separate argument that remand was unwarranted because the ALJ had credited the claimant's testimony, observing that the ALJ had never explained how the claimant's testimony and statements translated into the assessed limitations. *See id*. at *5.

In this case, by contrast, the ALJ did not indicate that the agency nonexamining consultants' opinions had been undermined by unseen material evidence but, rather, explained that he had assessed physical and mental limitations because he had chosen to view the evidence in "a light most favorable" to the plaintiff and to credit his testimony in part. Record at 29.[3] In so doing, he gave the plaintiff the benefit of the doubt, adopting an RFC more favorable to him than the evidence – the agency nonexamining consultants' opinions that he had no limitations – would

---

[3] Indeed, the ALJ noted that, as concerned the plaintiff's physical impairments, "[r]adiological imaging of the cervical and lumbar spine showed mild degenerative changes with no nerve root compression[,]" the plaintiff's "treatment history ha[d] also been routine and conservative," and he had "received very little medical treatment with respect to back pain since August 2017[,]" and as concerned his mental impairments, his "regular psychiatric care consistently revealed benign mental status examinations, including unremarkable behavior, thought process, cognition, memory, and orientation[,]" and "treatment notes also suggest[ed] that [his] medication of Lexapro ha[d] been helpful in managing his mood and anxiety." Record at 28.

otherwise support. That, in turn, rendered any error in assessing the RFC, including the ALJ's failure to identify the subjective allegations that he purportedly credited, harmless. *See, e.g., Laura S.*, 2019 WL 4046541, at *4 (noting that, in *MacFarlane v. Astrue*, No. 07-132-P-H, 2008 WL 660225, at *4 (D. Me. Mar. 5, 2008), this court found harmless error in ALJ's assessment of "limitations unsupported by medical evidence" when "they were obviously more favorable to the claimant than the record supported").

Finally, in *Caudle*, this court deemed it unclear whether the ALJ had assessed an RFC "more favorable than the evidence would otherwise support" when he stated that he had given partial weight to the opinion of an expert who had assessed a more restrictive limitation but did not explain how. *Caudle*, 2016 WL 1734074, at *6. The court noted that if the ALJ "credited, even to some extent, [that expert's] opinion that the [claimant]'s anxiety impacted her memory and ability to concentrate as well as her social functioning, his assessment was not more favorable than the record supported." *Id*. In this case, by contrast, the ALJ made clear that he rejected all expert opinions of record and, with respect to the opinions of the agency nonexamining consultants, did so because he had chosen to view the record in the light most favorable to the plaintiff and to credit his subjective allegations in part.

"A claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support." *Jaime B. v. Saul*, 2:19-cv-00563-NT, 2020 WL 6562058, at *3 n.3 (D. Me. Nov. 9, 2020 (rec. dec., *aff'd* Nov. 25, 2020) (citation and internal quotation marks omitted). That is the case here.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of February, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge